IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK ANTHONY SIMPSON,  )
            )
    Plaintiff,     )
            )
 -vs-         )  Civil Action No. 18-125
            )
NANCY A. BERRYHILL,[1]   )
COMMISSIONER OF SOCIAL SECURITY, )
            )
    Defendant.   )

AMBROSE, Senior District Judge

## **OPINION**

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos.11, 13 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

## **I. BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits pursuant to the Social Security Act. Plaintiff filed his application alleging he had been disabled since November 8, 2013. (ECF No. 8-6, p. 2). Administrative Law Judge ("ALJ"), David F. Brash, held a hearing on November 22, 2016. (ECF No. 8-2, pp. 29-64). On March 20, 2017, the ALJ found that Plaintiff was not disabled under the Social Security Act. (ECF No. 8-2, pp. 15-24).

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

After exhausting all of her administrative remedies thereafter, Plaintiff filed this action. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity ("RFC").[2] 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.  Past Relevant Work

Plaintiff's brief is a bit convoluted, but, essentially he argues that the ALJ erred in finding that he is unable to perform any past relevant work. (ECF No. 12 and 15). Specifically, Plaintiff asserts that it is contradictory and an error of law to find, on the one hand, that he previously

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

performed past relevant work as a collection clerk (skilled and sedentary), sales representative (unskilled and light), cable locator (skilled and light/medium), mail worker (material handler) (semiskilled and heavy), and truck driver helper (unskilled and heavy), but find on the other hand that since Plaintiff is limited to medium work with environmental limitations relative to temperature extremes, "the demands of his past relevant work exceed the residual functional capacity." (ECF Nos. 11 and 15, *citing,* ECF No. 8-2, p. 22). To that end, Plaintiff submits that it was an error on the part of the ALJ to arrive at this conclusion by summarily rejecting the vocational expert testimony in this regard without any further discussion or explanation. *Id.* Continuing, I assume in the alternative, Plaintiff argues that if it is that he cannot do his past relevant work (Plaintiff argues the ALJ is "stuck" with his finding that he cannot perform his past relevant work), the law requires a finding of disabled pursuant to GRID Rules 201.02 (skilled sedentary) and 202.04 (unskilled light). Consequently, Plaintiff requests that reversal and award of benefits is appropriate in this case.

Past relevant work pertains to the particular job or the occupation as performed by a plaintiff.[3] SSR 82-61; 82-62. "[A] claimant will be found to be 'not disabled' when it is

---

[3] Social Security Rule 82-61 provides:

The part of the law pertaining to past relevant work provides that as a part of the requirements for a finding of disability a claimant must have a medically determinable physical or mental impairment of such severity that he or she is not able to do his or her previous work. Sections 404.1520(e) and 416.920(e) of the regulations state as follows:

"Your impairment must prevent you from doing past relevant work. If we cannot make a decision based on your current work activity or on medical facts alone, and you have a severe impairment, we then review your residual functional capacity and the physical and mental demands of the work you have done in the past. *If you can still do this kind of work*, we will find that you are not disabled." (Underscoring added.)

SSR 82-61. Three possible tests for determining whether or not a claimant retains the capacity to perform his or her past relevant work are as follows:

1. Whether the claimant retains the capacity to perform a past relevant job based on a broad generic, occupational classification of that job….

determined that he or she retains the RFC to perform…the actual functional demands and job duties of a particular past relevant job; or the functional demands and job duties of the occupation as generally required by employers throughout the national economy." *Id.* (Policy Statement). In other words, if an individual can perform his past relevant work, that individual is not disabled and the inquiry ends. SSR 82-61; 82-62.

In this case, the vocational expert ("VE") testified that Plaintiff could perform his past relevant work as a collection clerk. (ECF No. 8-2, p 58). The ALJ rejects this testimony because he found Plaintiff had environmental limitations relative to temperature extremes. (ECF No. 8-2, p. 22). Plaintiff summarily concludes this is inconsistent and an error of law. (ECF No. 11, p. 2). If the ALJ had accepted the VE's testimony in this regard, Plaintiff would have been found to be able to perform his past relevant work. Under this scenario, Plaintiff would not be disabled and the inquiry would end there. *See,* SSR 82-62 (To be found disabled, an individual must have medically determinable impairment(s) of such severity that he is not able to do his previous work.). Thus, the inconsistency, if any, is harmless as the determination did not end at that point and the ALJ went on to determine whether jobs exist in significant numbers in the national economy that Plaintiff can perform. (ECF No. 8-2, pp. 22-24). Consequently, I find remand on this basis is not warranted.

Plaintiff then continues to argue that the ALJ is "stuck" with his finding that Plaintiff cannot perform his past relevant work and, as a result, the ALJ erred in failing to apply Grid Rules 201.2 and 202.04. (ECF No. 12, p. 3, n. 1). I disagree. "In 1978,…,the Secretary promulgated,

---

2. Whether the claimant retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as he or she actually performed it….

3. Whether the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy….

*Id.*

through an administrative rulemaking, medical-vocational guidelines, or 'grids,' that establish the types and number of jobs that exist in the national economy for claimants with exertional impairments." *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000). GRIDs, however, "may not be applied conclusively where the claimant does not fall squarely within all of the criteria of a specific rule, i.e., because his or her exertional limitations prevent the performance of the full range of work within a regulatory [residual functional capacity] category or because a claimant does not fit squarely within a particular vocational classification." *Castellano v. Berryhill*, No. 17-1035, 2018 WL 4441800, at *9 (M.D. Pa. Aug. 24, 2018), report and recommendation adopted, No. 17-1035, 2018 WL 4404654 (M.D. Pa. Sept. 17, 2018).  *See,* 20 C.F.R. Pt. 404, Subpt. P, App'x 2.

> Where the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with ***all of the criteria of a particular rule***, the rule directs a conclusion as to whether the individual is or is not disabled….Where any one of the findings of fact does not coincide with the corresponding criterion of a rule, the rule does not apply….In any instance where a rule does not apply, full consideration must be given to all of the relevant facts of the case….

20 C.F.R. Pt. 404, Subpt. P, App'x 2 (emphasis added).

In this case, the ALJ found Plaintiff had the RFC to perform medium work *with* exceptions. (ECF No. 8-2, p. 18).  Plaintiff does not contest this finding.  (ECF Nos. 11 and 15). Thus, automatic application of GRID Rule 201.02 (relating to sedentary work) and Rule 202.04 (relating to light work) do not apply.  Rule 203.15 (relating to medium work with Plaintiff's age, education and skills) dictates a finding of not disabled.  20 C.F.R. Pt. 404, Subpt. P, App'x 2. Here, however, the ALJ recognized and noted that Plaintiff's "ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations."  (ECF No. 8-2, p. 23).  As a result, the ALJ appropriately sought the testimony of a VE to consider whether there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Based on my review of the evidence in this case, I find no error in this regard.   Therefore,

6

neither reversal, nor remand, is warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK ANTHONY SIMPSON,)
)
        Plaintiff,)
)
  -vs-)   Civil Action No. 18-125
)
NANCY A. BERRYHILL,[4])
COMMISSIONER OF SOCIAL SECURITY,)
)
        Defendant.)

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 16th day of April, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 10) is denied and Defendant's Motion for Summary Judgment (ECF No. 12) is granted.

        BY THE COURT:

        s/ Donetta W. Ambrose
        Donetta W. Ambrose
        United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.